CASE 92—ACTION FOR WRONGFUL TAKING AND CONVERSION OF PERSONAL
PROPERTY—OCT. 23.

# White Sewing Machine Co. v. Conner.

### APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.  REVERSED.

TROVER AND CONVERSION—MEASURE OF DAMAGES—CHATTEL MORTGAGE
—RIGHT OF MORTGAGEE TO POSSESSION.

Held: 1. In the absence of oppressive or malicious conduct author-
izing punitive damages, the measure of damages for the con-
version of a sewing machine by the seller is the fair market
value of the machine at the date of the conversion, together
with interest thereon, in the discretion of the jury, such value
to be credited by the balance due on the purchase price.
2. A provision in a contract for the sale of a sewing machine
that the seller should have the right to repossess himself of the
property upon default in the payment of any installment of the
purchase price was valid, so that the seller is not liable for
taking the property without actual force, but he holds it as
mortgagee, and must within a reasonable time, unless it is re-
deemed, dispose of it at a fair sale on adequate notice, return-
ing to the mortgagor the surplus of the proceeds after satisfy-
ing the mortgage debt.

HARVEY MYERS, ATTORNEY FOR APPELLANT.

Appellant sold the appellee a sewing machine and took a
mortgage on it from appellee for balance due after allowing
her credits for what she had paid on two other machines
previously sold to her by appellant.   The contract of sale
was that the seller should have the right to repossess himself
of the property upon default in the payment of any installment
of the purchase price due.   She admitted there was four dol-
lars of the price due and unpaid.   The machine was taken
without force.

She brought suit for $1,000 damages for the alleged unlawful
taking, and recovered a judgment for $200, from which judg-
ment this appeal is taken.

There was no evidence of any outrageous conduct, nothing
but the mere taking.

We claim:

1. The court erred in refusing to quash the return on the summons.
2. The court erred in permitting plaintiff to file an amended petition, while the case was on trial, setting up the value of the machine.
3. The verdict is not sustained by the evidence.

### AUTHORITIES CITED.

Youngstown Bridge Co. v. White's Admr., 49 S. W., 36; Rainey v. Kimball, 58 S. W., 472; Moore v. King, 23 S. W., 424; Cushing v. Seymour, 30 Minn., 301; Levy, &c. v. Stallard, 6 Ky. Law Rep., 656; Andrews v. Singer Mfg. Co., 20 Ky., 1089.

B. F. GRAZIANI, ATTORNEY FOR APPELLEE.

It is admitted by both plaintiff and defendant that plaintiff was in the lawful possession of the machine of the value of $50, and without lawful right defendant company came to her house and took it away and has since retained it and never offered to return it.

Evidence shows that it was a machine that she and her daughter used to maintain themselves sewing garments. The courts have held in an unbroken line of decisions that in case of conversion, each kind and character of property may be considered by the jury in estimating the damages. The matter of fixing the damages is peculiarly in the province of the jury and though no instruction was given covering exemplary damages, the circumstances will be considered by the jury in making up its verdict.

### CITATIONS.

Moore v. King, 23 S. W., 484; Civil Code, sec. 134; Aetna Ins. Co., &c. v. Glasgow Elec. Co., 21 Ky. Law Rep., 726; Roach & Weil v. Houston, 15 Ky. Law Rep., 61; Steele v. Metcalfe, 23 S. W., 474; vol. 4, Am. & Eng. Ency., 125; L. & N. R. R. Co. v. Mitchell, 87 Ky., 327; Same v. Wilkerson, 15 Ky. Law Rep., 92; Same v. Welch, 13 Ky. Law Rep., 732; Memphis & Cin. Packet Co. v. Nagle, 16 Ky. Law Rep., 186.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant sold to appellee a sewing machine, for which appellee paid part of the purchase money, and executed to appellant a note, payable in installments, and a mortgage to secure same. The mortgage contained the following provision: "If default be made in the payment of said

note or any of the payments thereon as the same becomes due, then, at the option of said grantee, and without notice, the whole of said note unpaid, due and not due, shall become at once due and payable, without debate; and, in the case default shall be made in the payment of any or either of the sums of money above mentioned, . . . the said grantee, or heirs or assigns, are hereby authorized or empowered, with or without the aid and assistance of any person or persons, to enter the dwelling house, store, or either premises of the said grantor, or such place or places that the said goods or chattels are or may be placed, and take and carry away said mortgaged property, and sell and dispose of the same at public auction or private sale. It is further agreed that, if said goods and chattels shall be sold at public auction," etc.    The mortgage then provided that the proceeds of said sale should be applied first to the payment of the balance of the indebtedness on the machine. Appellee having failed in making some of the payments provided in the note, appellant elected to declare the whole of the debt due, and the condition of the mortgage broken, and applied to appellee for the possession of the machine. She appeared unwilling to give this possession, but this unwillingness took no more positive form than a mere complaint or objection. She, however, removed her articles from the machine, and from its drawers, and notified the agent of the appellant that, if he took the machine, she purposed to sue the company for it. She did sue the company, claiming $1,900 damages, and on the trial of the action the jury awarded her and the court adjudged $200 damages.

While the petition alleges that the taking was against the consent of appellee, and by force of appellant's agent, and in such highhanded manner as to indicate malice on

its part, yet the evidence fails to show any of these grounds
for punitive damages.   On the trial the court gave to the
jury the following instruction: "(1) If the jury believe
from all the evidence that the defendant's agent, at the
time and place mentioned in the proof, took and carried
away the machine of plaintiff without her consent, the
jury will find a verdict for plaintiff.   If the jury believe
that the plaintiff consented to the taking of the machine
by the agent of defendant, the jury will find a verdict for
defendant.   (2) If the jury find a verdict for the plaintiff,
her measure of damages is the value in money of said
machine at the time it was taken, and a fair equivalent in
money for the damage, if any, sustained by plaintiff by rea-
son of the taking of said machine."   We are of the opinion
that   each   of   the   foregoing   instructions   was   errone-
ous.   If the facts had been such as to warrant a finding
for the plaintiff independent of the question of oppressive
or malicious conduct allowing punitive damages, then the
long-established rule of this State as to the measure of
damages is the fair market value of the property convert-
ed at the date of the conversion, together with interest
thereon, in the discretion of the jury (Newcomb-Buchanan
Co. v. Baskett, 14 Bush, 667; Swigert v. Thomas, 7 Dana,
225; Geoghegan v. Ditto, 2 Metc., 433 (74 Am. Dec., 413);
Bank v. Boyce, 78 Ky., 55 (39 Am. Rep., 198); Rogers v. Twy-
man (22 R. 40) 56 S. W., 665); but such value to be cred-
ited by the balance owing the defendant on the property
converted.   We are furthermore of the opinion that un-
der the facts of this case there was nothing to be submit-
ted to the jury.   Whatever may have been or may be the
law relative to the right of a mortgagee of a chattel to its
possession upon condition broken, in the case at bar it
was stipulated between the parties, as one of the condi-

White Sewing Machine Co. v. Conner.

tions upon which appellant parted with its title and invested appellee with the possession of the machine, that, in the event she failed to pay any of the installments thereon, then, at the option of appellant, the whole of its debt should become due, and furthermore, that it should repossess itself of the property. This, we hold, was not an unreasonable provision, and as appellee obtained her possession by virtue of it, she ought not to be allowed to complain if appellant repossesses itself by virtue of the same agreement. However, had appellee not only objected to appellant's repossessing itself of the mortgage property, but had carried the objection to the extent that she would not have allowed the removal of the machine except by such force or act of appellant's agent as would amount to a breach of the peace, or assault, or subject them to action for trespass, then appellant would have been compelled to resort to the court for redress. But, short of such forbidden acts, it and its agents were within the letter and spirit of their contract, and did as they had the legal right to do. Andrews v. Manufacturing Co. (20 R. 1089) 48 S. W., 976. Appellant, as mortgagee, will, of course, hold the property subject to the customary rule applicable to mortgagees in possession of a chattel; that is, within a reasonable time, unless redeemed by appellee, it must dispose of the property at a fair sale, and on adequate notice, returning to appellee, the mortgagor, any surplus above the balance owing on it by her.

The judgment is reversed, and the cause remanded for proceedings consistent herewith.