## Hawkins Furniture Co., et al. v. Morris,

(Decided May 19, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Chattel Mortgage—Mortgagee's Right to Sell—A clause in a chattel mortgage, which gives the mortgagee the right to enter

the premises and take possession of the mortgaged property, and sell it upon default to pay the debt, is valid and enforcible; but, if in taking possession of the property over the objection of the mortgagor, the mortgagee would be required to use such force as would amount to a breach of the peace, or an assault, or subject him to an action for trespass, he must resort to the courts for redress, and cannot forcibly or violently take possession of the mortgaged property.

2. Same—Right to Redeem—After lawfully obtaining possession of the mortgaged property, the mortgagee must hold it subject to the customary rule applicable to mortgagees in possession of a chattel; that is, within a reasonable time, unless redeemed by the mortgagor, he must dispose of the property at a fair sale, and on adequate notice, returning to the mortgagor any surplus above the balance owing by him.

3. Damages—Measure of—The measure of damages for property unlawfully taken and sold by the mortgagee under a chattel mortgage, is the fair market value of the property at the date of its conversion.

4. Verdict—Where several defendants wrongfully seized and carried away the property of the plaintiff, each of said defendants is liable for whatever damage resulted from their wrongful act, and a joint verdict may be rendered against all of them.

5. Practice—Closing Argument—Where the answers traverse every material allegation of the petition, the burden of proof is upon the plaintiff, and under sub-section 6 of section 317 of the code he is entitled to the conclusion of the argument to the jury.

JOHNSON & HIEATT, for appellants, Lawrence Hawkins and the Hawkins Furniture Co.

W. L. DOOLAN, for appellant, Maxwell.

BENNETT H. YOUNG and H. TURNER WILSON, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On August 28, 1906, the appellee, Jessie Morris, borrowed from C. M. French $150, for which she executed to him a note for $210, secured by a chattel mortgage upon the contents of her residence at 125 West Green street in Louisville. The note was payable in monthly installments of $17.50 each, beginning one month thereafter. The mortgage provided that in case the mortgagor failed to make any one of the monthly payments when due, the mortgagee could enter the house, take possession of the mortgaged property, sell it at public or private sale, and apply the proceeds thereof to pay

whatever balance might remain unpaid on the mortgage. On November 1, 1906, French, in consideration of $150, assigned the note and mortgage of H. J. Maxwell. Appellee paid the first installment due on the 28th of September, and on the 8th of October she left Louisville on a visit to Oklahoma. The installment due upon the mortgage on October 28th was not paid; whereupon Maxwell entered appellee's house, took possession of its contents, and sold them to the appellant Merriman, who was doing business in the name of the Hawkins Furniture Co., for $225. Merriman proceeded to sell the furniture, and had about completed the sale when the appellee returned to Louisville on the morning of November 8th. She was very much surprised and indignant at what she termed the high-handed procedure of the appellants, and insisted upon them restoring her furniture and leaving the premises. They not only declined to do so, but Merriman threatened to have her arrested, saying that he had bought the furniture and proposed to deal with it as his own. Merriman conducted an auction on the appellee's premises for perhaps a day and a night, and afterwards removed the unsold portion of the furniture. Shortly thereafter the appellee sued Merriman, Maxwell and Hawkins for the value of the property so sold by them, laying its value at $5.054.85. The petition specifically set forth each piece of furniture taken, and the value thereof. Upon the trial the appellee obtained a joint judgment against the appellants for $2,500, and from a judgment upon the verdict they appeal.

The appellants specify twenty-nine separate and specific grounds for a reversal; but under our view of the case is not necessary to consider more than a few of them.

1. This court has repeatedly recognized the binding force of a clause in a chattel mortgage which gives the mortgagee the right to enter the premises and take possession of the mortgaged property and sell the same upon the failure of the mortgagor to perform the covenants of his contract. But, in asserting his rights the mortgagee is, on the other hand, required to respect the rights of the mortgagor, and will be liable for any damages resulting from an infraction of those rights. If, in taking possession of the property over the objection of the mortgagor, he would be required to use such force as would amount to a breach of the peace, or an assault, or

subject him to an action for trespass, he must resort to the courts for redress, and can not forcibly or violently take possession of the mortgaged property. But short of such forbidden acts the mortgagee is within the letter and spirit of his contract, and may proceed to execute it. Andrews v. The Manufacturer's Co., 20 Ky. Law Rep., 1089. Furthermore, after lawfully obtaining possession of the mortgaged property the mortgagee must hold it subject to the customary rule applicable to mortgagees in possession of a chattel; that is, within a reasonable time, unless redeemed by the mortgagor, he must dispose of the property at a fair sale, and on adequate notice, returning to the mortgagor any surplus above the balance owing by him. White Sewing Machine Co. v. Conner, 111 Ky., 831.

In the case at bar there can be no claim, under the proof, that the appellants even attempted to follow this well established rule; on the contrary, instead of holding the goods for redemption a reasonable time, and thereafter giving an adequate notice before sale, the appellant, Maxwell, seized the property and sold it at once to Merriman for the insignificant sum of $225, and he immediately thereafter peddled it out for whatever he could get for it at a quick and forced sale.

Therefore, the only question to go to the jury under the proof was the amount of the damage. If that issue was properly tried, there can be no reversal of the judgment of the circuit court.

2. The third instruction fixed the measure of damages at the fair market value of the property taken and sold by the appellants, at the date of the conversion of said property, not to exceed the sum of $5,054.85, the amount claimed in the petition, with or without interest thereon, in the discretion of the jury, to be credited upon the balance owing by the appellee upon the mortgage. This instruction properly gave the law of the case under the authority of White Sewing Machine Co. v. Conner, 111 Ky., 830, and the cases there cited. The evidence as to values being contradictory, it was for the jury to fix the amount; and we are not prepared to say, under the evidence, that its finding of $2,500 was excessive.

3. It is insisted, however, that the jury should have been allowed to return a verdict finding different amounts against the several defendants. This was not

asked in any instruction offered by the appellants, but arises out of the fact that after the jury had retired to consider the case they returned a general verdict in favor of the plaintiff for $2,500,less $187.40, the unpaid portion of the mortgage, without mentioning any of the defend-ants. The court thereupon directed the jury to retire and have their verdict show against which of the defend-ants the recovery was assessed. After further consider-ing the case the jury returned into court and asked if they could find different amounts against the different defendants, and the court instructed them that the re-covery was one, and could not be subdivided. Where-upon, the jury returned a joint verdict against the sev-eral defendants as above recited. The pleadings fully sustain this verdict. The several appellants were joint-ly charged with having wrongfully seized and carried away the property of the appellee; and, if that were true, each was liable for whatever damage resulted from their wrongful act. Pool v. Adkisson, 1 Dana, 111: Ballentine v. Joplin, 105 Ky., 79; American-German National Bank v. Gray & Dudley Hardware Co.,129 Ky., 119.

4. It is insisted that the appellants should have been. allowed to make the closing argument to the jury, and that the circuit court erred in refusing to so rule. We are of opinion that the court properly gave the closing argument to the appellee. Subsection 6, of section 317 of the Code, provides, that the party having the bur-den of proof should have the conclusion in the argument, and the adverse party the opening; and in defining the burden of proof section 526 provides, that the burden of proof in the whole action lies on the party who would be defeated.if no evidence were given on either side. As the general answers traverse every material allegation of the petition, it is manifest, without argument, that the appellee would have failed upon the trial if the parties had introduced no proof; and, that being true, the burden was upon appellee, and her attorney was en-titled to make the closing argument to the jury.

Under this view of the case it becomes unnecessary to consider the many other questions raised by the mo-tions for a new trial; and while there may have been some minor errors in the rejection of testimony, they were not sufficient, in view of the admitted testimony, to prejudice appellants' substantial rights.

Judgment affirmed.