## Commercial Credit Co. et al. v. Cooper.

(Decided Dec. 13, 1932.)

514

ROY G. GARRISON for appellants.

J. B. ALLENSWORTH and A. M. NICHOLS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On August 6, 1929, I. S. Cooper purchased from the Dixie Motor Company, Inc., of Paducah, a 1929 Chrysler automobile for $959.04. Of this sum he paid $300 in cash, or its equivalent, and executed to the seller his note for $650.04, payable in monthly installments of $54.17 each, secured by a chattel mortgage on the machine, which mortgage was duly recorded in the McCracken county clerk's office. On the same day the note and mortgage were sold and assigned to the Commercial Credit Company, a corporation engaged in the business of financing the purchase of automobiles on the deferred payment plan. The mortgage contained the following provision:

"In case default be made in the payment of said debt or interest after maturity, or of any of the payments scheduled on said note, or any extensions or renewals thereof, or if any execution, attachment, sequestration or other writ shall be levied on said goods and chattels, or if a petition in bankruptcy shall be filed by or against said mortgagor, or if said mortgagor shall make an assignment for the benefit of his creditors, or if said mortgagee shall fail to keep and perform any of the covenants, stipulations and agreements herein contained on his part to be performed, or if said mortgagee shall at any time deem said mortgage, said chattels, said debt or said security unsafe or insecure, or shall choose so to do, then upon the happening of said contingencies or any of them, the whole amount herein secured, on each of said payments scheduled on the note remaining unpaid, is by said mortgagor admitted to be due and payable, and said mortgagee, at his option, without notice, is hereby authorized to enter upon the premises of the mortgagor or other places where said property might be, and take possession of and remove said property, and, without legal procedure, sell the same and all equity of redemption of the mortgagor therein, either at public auction or private sale, without demand for performance, and out of the proceeds of said sale pay all costs and the expense of pursuing, taking, keeping, advertising and

selling said goods and chattels, including a reasonable attorney's fee, and apply the residue thereof toward the payment of said indebtedness or any part thereof, in such manner as said mortgagee may elect, rendering the surplus, if any, unto said mortgagor, his executors, administrators and assigns upon demand.

"And said mortgagee may purchase at any such sale in the same manner and to the same effect as any person not interested herein; if from any cause said property shall fail to satisfy said debt, interest after maturity, costs and charges, said mortgagor covenants and agrees to pay the deficiency."

Cooper paid all the installments on the note except two, and, being in default as to one of the remaining installments, O. G. Voss, field representative and adjuster of the Commercial Credit Company, took possession of the machine, and, after leaving it with the Dixie Motor Company for a few days, drove it or sent it to St. Louis.

Thereafter Cooper brought this action against the Commercial Credit Company, and Voss, its agent, alleging, in substance, that they had taken and carried away his automobile, the market value of which was $700, and had converted it to their own use. In addition to a general denial, the defendants attempted to justify under the foregoing provisions of the chattel mortgage. At the conclusion of the evidence, the trial court told the jury in substance to find for plaintiff the reasonable market value of the car on August 6, 1930, the day it was taken. Pursuant to this instruction the jury returned a verdict for $500, and the court rendered judgment in favor of Cooper for that amount subject to a credit of $118.34, the amount of the two unpaid installments on the machine, with interest.

The case is here on motion for an appeal, and, in view of the questions involved, it is deemed best to deliver a written opinion.

It is true, as claimed by appellant, that we have often held that a chattel mortgage clause like the one in question is valid, and, upon default by the mortgagor, the mortgagee may take possession of the mortgaged property, providing he may do so without committing a breach of the peace, or assault, or subjecting

himself to an action for trespass. Andrews v. Singer Mfg. Co., 48 S. W. 976, 20 Ky. Law Rep. 1089; White Sewing Machine Co. v. Conner, 111 Ky. 827, 64 S. W. 841, 23 Ky. Law Rep. 1125; Hawkins Furniture Co. v. Morris, 143 Ky. 738, 137 S. W. 527. But in each instance we have been careful to point out that, after lawfully obtaining possession of the mortgaged property, the mortgagee must within a reasonable time, unless the property be redeemed by the mortgagor, sell the property at a fair sale and on adequate notice, and then return to the mortgagor any surplus above the balance owing by him. Here it may be conceded that the automobile in question was peaceably taken, but there is no showing that the mortgagee thereafter disposed of the property and accounted for the surplus proceeds of the sale, as required by the terms of the mortgage. On the contrary, the taking of the car was the last step disclosed by the evidence. Clearly the taking, without more, was a conversion of the property, and the court did not err in telling the jury to find for the plaintiff the reasonable market value of the car at the time of the conversion, in view of the fact that the judgment was credited by the amount owing on the car.

But the point is made on behalf of Voss that the court erred in sustaining a demurrer to the fourth paragraph of the answer, pleading, in substance, that the plaintiff was delinquent in his payments on the car, and that he, Voss, took possession of same with the knowledge and consent of plaintiff. Had Voss gone further and alleged that, after taking possession of the car with plaintiff's knowledge and consent, he turned it over to the Commercial Credit Company, and took no part in the conversion of the car or its proceeds, a different question would be presented. For aught, however, that his pleading discloses, he may have assisted in the conversion, or have been the only agent through whom the conversion was brought about. It is apparent, therefore, that the paragraph in question did not present a defense, and that the court did not err in sustaining the demurrer thereto.

Wherefore, the appeal is granted, and the judgment is affirmed.