**WHITE v. GENERAL MOTORS ACCEPT-ANCE CORPORATION.**

**In re HENRY.**

**No. 598.**

District Court, E. D. Kentucky.
Dec. 28, 1932.

Grover C. Thompson, of Lexington, Ky., for plaintiff.

Maxwell & Ramsey, of Cincinnati, Ohio, and Allen, Botts & Duncan, of Lexington, Ky., for defendants.

ANDREW M. J. COCHRAN, Judge.

This suit is before me upon final hearing. It is brought to recover a voidable preference. On April 26, 1931, the defendant sold three motor vehicles to the bankrupt doing business at Corbin in this district. The bankrupt paid down 10 per cent. of the purchase price and executed his promissory note for the balance payable six months thereafter. At the same time and as a part of the transaction the bankrupt executed to the defendant what is termed on its face a trust receipt. The document contained an acknowledgment and certain agreements. The acknowledgment was that the motor vehicles

were "the property" of the defendant. The agreements were "to take and hold the same, at my sole risk as to all loss or injury for the purpose of storing"; "to keep said motor vehicles brand new and not to operate them for demonstrating or otherwise * * * except as I may be allowed by you in a special case to use the same for demonstrating"; "to return said motor vehicles * * * upon demand"; "to pay and discharge all taxes, encumbrances and claims whatever thereto"; "not to sell, loan, deliver, pledge, mortgage or otherwise dispose of said motor vehicles to any other person until after payment" of the balance of the purchase price; and "that the deposit (ten per cent.) made by me in connection with this transaction may be applied for reimbursement for any expense incurred * * * in the event of breach of this trust or repossession of said motor vehicles."

■ This transaction will be treated as a contract of conditional sale of the motor vehicles by the defendant to the bankrupt. Its legal effect was as much as and no more than such a transaction. The contract was not put to record. On June 6, 1929, the note for the unpaid purchase price not then being due and nothing having been paid thereon, and the bankrupt then being absent from his place of business, the reason therefor not appearing, and his business being in charge of his agent, the defendant demanded possession of the motor vehicles under the provision of the contract, and the bankrupt's agent delivered them to it, and it removed them to its place of business in Cincinnati, Ohio. Thereafter the defendant mailed his promissory note to the bankrupt. On July 1 and 3, 1929, involuntary petitions in bankruptcy were filed against the bankrupt in this court. He was adjudged a bankrupt August 12, 1929, and on September 2, 1929, plaintiff was elected trustee. September 11, 1929, he demanded of defendant the surrender of the vehicles or payment therefor, which was refused. This suit was brought March 21, 1930. In it the plaintiff seeks to recover the value of the vehicles, and this on the ground that what took place on June 6, 1929, when defendant demanded and received possession of them, was a voidable preference under section 60 of the Bankruptcy Act (11 USCA § 96).

■ An intelligent disposition of the question thus raised calls for a presentation of the law of this state in certain particulars. It has always been the law thereof that the mortgagee in a chattel mortgage after de-

fault has the absolute right to the possession of the mortgaged personalty. Swigert v. Thomas, 7 Dana (Ky.) 220; Brown v. Phillips, 3 Bush (Ky.) 656. This is particularly so if there is an expressed stipulation to this effect in the mortgage. Andrews v. Manufacturing Co. (Ky.) 48 S. W. 976; White Sewing Machine Co. v. Conner, 111 Ky. 827, 64 S. W. 841; Hawkins Furniture Co. v. Morris, 143 Ky. 738, 137 S. W. 527, 528. The mortgagee does not thereby become the absolute owner of the property. As said in Hawkins Furniture Co. v. Morris, he "must hold it, subject to the customary rule applicable to mortgagees in possession of a chattel; that is, within a reasonable time, unless redeemed by the mortgagor, he must dispose of the property at a fair sale, and on adequate notice, returning to the mortgagor any surplus above the balance owing by him." Up until the enactment of the Uniform Sales Act in 1928 (Ky. St. § 2651b-1 et seq.), a conditional sales contract was not recognized for what it purported to be. It was treated as an absolute sale and mortgage back to the seller to secure the purchase price. Baldwin v. Crow, 86 Ky. 679, 7 S. W. 146. There are many other decisions of the Court of Appeals to the same effect. As mortgagee, he had the same right as the mortgagee in an ordinary chattel mortgage as to repossessing himself of the property on default.

In the case of Munz v. National Bond & Inv. Co., 243 Ky. 293, 47 S.W.(2d) 1055, 1056 it was said: "As between the parties however, if the rights conferred could be exercised without violence, trespass, or a breach of peace, such contracts were permitted to be enforced according to their terms. * * * But when the seller under a conditional sales contract regained possession of the property it was necessary for him to give the purchaser an opportunity to redeem, and, if not redeemed within a reasonable time, the property had to be disposed of at a fair sale on adequate notice, and the proceeds applied first, to satisfy the debt, and expense, and, second, to reimburse the purchaser to the extent of the surplus remaining."

Such being the real character of conditional sales, they were required to be recorded the same as other mortgages by section 496, Kentucky Statutes, to be valid against purchaser or creditors. In Munz v. National Bond & Investment Company, supra, it was said: "Conditional sales contracts were not wholly invalid, but were given effect as instruments to secure debts. The rule established by a long line of decisions was that,

regardless of the name or form of a transaction, if it was designed to hold personal property as a security for debt, it was equivalent in law to a chattel mortgage and was required to be recorded in order to be valid against innocent purchasers." It should have been added against creditors also.

But since the enactment of the Uniform Sales Act in 1928 conditional sales in this state are no longer absolute sales with a mortgage back. They are just what they purport to be, and no title passes from the seller to the purchaser until the condition of payment of the purchase price has been complied with. Brown v. Woods Motor Co., 239 Ky. 312, 39 S.W.(2d) 507, General Motors Accept. Corp. v. Shuey, 243 Ky. 74, 47 S.W.(2d) 968, 970. In the latter case it was said: "Conditional sales contracts expressly reserving title in the seller are recognized by law, and, under such contract, title does not pass to the purchaser until he has completed and performed the contractual stipulations."

Thereafter the question arose as to whether conditional sales, now being what they purport to be and not indirect chattel mortgages, have to be recorded under section 496, Kentucky Statutes, to be valid against innocent purchasers and creditors. In Munz v. National Bond & Investment Co., supra, it was held that they do.

We are now in position to approach the question involved here. At the time the defendant demanded and received possession of the motor vehicles in question, the bankrupt was a going concern. No creditor had acquired any right as against them by virtue of any legal proceedings. This suggests the question whether, if the seller in a conditional sale contract which has not been recorded demands and receives possession of the property sold, after breach on the part of the buyer, before creditors have acquired any rights against the property by virtue of legal proceedings, they have any rights as against the seller, and, if so, what those rights are. I know of no case involving this question

decided by the Court of Appeals of Kentucky. It is true that here the defendant demanded and received possession before the bankrupt was in default. But the contract entitled him to demand and have a return before default. The necessities of this case do not require that I determine this question. It would seem to be certain that the property is not recoverable as a voidable preference under section 60 of the Bankruptcy Act (11 USCA § 96). This is so because there was no transfer from the bankrupt to the defendant. By that provision what is denounced as a voidable preference is "a transfer of any of his property." By section 1 (25) of the Bankruptcy Act (11 US CA § 1 (25), it is provided that a " 'transfer' shall include the sale and every other and different mode of disposing of * * * or the possession of property absolutely or conditionally · as · a payment, pledge, mortgage, gift, or security."

Here there was no transfer. The title to the motor vehicles was already in the defendant. What it did was to reacquire possession of them under the right conferred upon it by the contract. The surrender of possession in recognition of such right cannot be regarded as a transfer. Besides, such surrender as there was was not his act. He was not present at the time, and his agent in charge of his business had no authority to perform an act the effect of which was to make a voidable preference. In addition to this, in order to such a preference it is essential that defendant at the time it repossessed itself of the vehicles had reasonable cause to believe that the transfer would effect a preference. Apart from its act in taking possession of the property, before the purchase price was due, there is nothing to indicate that it had such cause. The most that that fact can be said to indicate is that defendant suspected that the bankrupt was insolvent and that such would be the effect of his act. But mere suspicion is not sufficient to make out a voidable preference.

I am therefore constrained to hold that plaintiff's petition must be dismissed.