## Farmers & Depositors Bank v. Taylor.

May 29, 1942.

C. E. Schindler and Lawrence S. Grauman, Amicus Curiae on behalf of appellant.

Richard B. Crawford for appellee.

Thomas H. Young, Amicus Curiae on behalf of appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On August 14th, 1940, appellee and defendant below, Ben F. Taylor, borrowed from appellant and plaintiff below, Farmers and Depositors Bank, at St. Matthews, Kentucky, the sum of $483.62, balance due on a Plymouth automobile which defendant had purchased from some dealer and upon which he had made an initial payment. The amount borrowed was agreed to be paid in installments at different periods throughout the year following the date of the loan and to secure the entire indebtedness defendant executed to plaintiff a mortgage, in the form of a conveyance of the mortgaged property to the mortgagee with a stipulation that if all of the secured indebtedness was paid "then this mortgage shall be null and void;" but otherwise the conveyance to remain in full force and effect.

There was also an acceleration clause contained in the instrument, whereby due dates of unpaid installments might be accelerated by the mortgagee when past due payments were unpaid and the remaining indebtedness might then be declared to be due. There was a further stipulation in the written document creating the security saying: "And said second party may take possession of all of said property (after due date and non-payment) and have and own it as his own absolutely or sell it to pay said indebtedness. And he ('it' in this case) said second party, may enter in any house, or on

premises occupied by the first party, to take possession of all or any of said property, or said second party may bring any action or suit at law or equity to collect all said indebtedness, or enforce or foreclose this mortgage on all said property at his option.''

Defendant became in arrears in the payment of installments and on July 29, 1941, plaintiff filed this Claim and Delivery action in the Jefferson circuit court against him, seeking to recover the possession of the property so placed in lien (the Plymouth automobile) pursuant to the provisions of chapter 11 of our Civil Code of Practice, composing Sections 180 to and including 193 of that Code. A copy of the instrument creating the security was filed as an exhibit with the petition and the clerk issued the writ, followed by defendant executing bond within two days thereafter and retaining possession of the property as prescribed by Section 188 of the same Code. The case came on for trial and defendant filed a demurrer to the petition which the court sustained and dismissed it on plaintiff's declining to plead further, to reverse which plaintiff filed the record in this court with a motion for an appeal which is sustained.

In the text of 54 C. J. 417, Section 2, it is said: ''This statutory action of 'Claim and Delivery' has been held to be only a modification of the common-law remedy of replevin,'' and which this court so declared in the cases of Halcomb v. Phipps, 194 Ky. 648, 240 S. W. 363, and Stimson's Ex'r v. Tharp, 284 Ky. 289, 144 S. W. (2d) 1031. On page 437 of the volume of Corpus Juris supra, Section 47, the required title or interest of the plaintiff in an action of replevin is set forth, and which, of course, includes absolute title and ownership in the plaintiff with the immediate right of possession, but ''this right of possession may result from a general or from a *special* interest or ownership,'' etc. (Our emphasis.) Pursuant to, and in accordance with the requisite ownership *or interest* of plaintiff in the involved property in order to maintain our Code procedure of Claim and Delivery, Subsection 3 of Section 181 of the Code enacts, as a required statement in plaintiff's affidavit in seeking the remedy, ''That plaintiff is the owner of the property, or has a *special ownership or interest* therein,'' etc. (Our emphasis.)

In view of such declaration as to the character of interest of the plaintiff in a common law action of re-

plevin that will sustain the action, and in view of the provisions of our Civil Code of Practice in enacting and prescribing the substituted remedy of Claim and Delivery, we know of no way by which the *special interest* of a mortgagee in property mortgaged to him may not be held as sufficient to support the Code remedy. The trial court in its opinion delivered in this case referred to a couple of prior cases in the same court which he said in his opinion herein involved the same question as herein presented. Copies of his opinions in those two cases are filed as a part of the record; but they appear to be cases where the instrument creating the lien or conferring the interest sought to be enforced were conditional sales of the involved property, by which the seller retained title thereto until all deferred payments were made, with the right to take possession of the property upon default of payments, the same provision also appearing in this case.

In the cases of A. C. Morris & Co. v. Heaton, 235 Ky. 66, 29 S. W. (2d) 617; Munz v. National Bond & Investment Co., 243 Ky. 293, 47 S. W. (2d) 1055; Commercial Credit Co. v. Cooper, 246 Ky. 513, 55 S. W. (2d) 381, and Cartwright v. C. I. T. Corporation, 253 Ky. 690, 70 S. W. (2d) 388, we construed such contracts containing similar stipulations, to create rights in the seller similar to those possessed by a mortgagee under an instrument expressly giving only a lien on property as security for a debt; and in the Munz case we held that such contracts, whereby title was retained in the seller, should be recorded in order to preserve the seller's rights as against later accruing rights of third parties without notice of the sales stipulations. In other words, the cases referred to declared such sales contracts as creating no greater rights than what may be done by an ordinary mortgage with its permissible stipulations. Therefore, if the sales contract contained stipulations for re-possessing the property by the seller when default in deferred payment is made, such possession might be taken when it could peaceably be done and the lien enforced by a sale of the property after due notice given to the purchaser of the time and place of the sale, whether privately or publicly made. We had long since held in a number of cases that in contracts of sale of personal property, with deferred payments, it was competent for the seller to prescribe for his right to re-possess the property on default of payments by the purchaser, when it could be done without a breach of the peace, and that he would have the further right to enforce his lien

against the property by a sale of it, but upon condition that reasonable notice thereof should be given to the purchaser. Prominent among such cases so holding is Montenegro-Riehm Music Co. v. Beuris, 160 Ky. 557, 169 S. W. 986, L. R. A. 1916C, 557, in which many others of like tenor are listed, most of which were domestic ones, but some of which were rendered by foreign courts.

In none of those opinions has this court ever upheld the right of a mortgagee or that of a seller whose rights were similar to that of a mortgagee to foreclose his lien as provided by the common law foreclosure proceedings. On the contrary, Section 375 of our Civil Code of Practice expressly prohibits such common-law foreclosures whereby the creditor could take possession of the property in lien for his debt and retain the title forever thereafter, as well as all past payments made on the secured debt, thereby destroying all equities of the debtor in and to the property, resulting from prior payments which became forfeited. No such effort was attempted by plaintiff in this case, nor could one be sustained if such an attempt had been made. The only relief sought herein was the possession of the mortgaged property by the plaintiff who had a special interest in it. What it may have contemplated doing towards enforcing its rights in the property after it obtained possession is something to happen and to be regulated in the future. The opinions supra outline the course that plaintiff should pursue after obtaining possession of the property, and which, as held therein, is violative of no constitutionally guaranteed rights of the debtor in such cases, although there might be instances involving hardships inflicted on him because of nonobservance of his rights by the creditor as is outlined in our cited opinions. However, such violations may always be corrected through proper court procedures, through and by which all constitutional rights of the debtor are protected. If, as is argued by counsel as well as by the court in his opinion, the practical administration of the law as so declared by us in the cases supra results in such hardships the correcting remedy lies with the legislature and not with this court, if for no other reason than the doctrine of stare decisis.

Under the interpretations so rendered by us innumerable contracts have been made pursuant thereto, and which are now outstanding, and the rights thereunder should not be disturbed, or imperiled by overrul-

ing the cases permitting them to be made. However, all such arguments are directed to the *enforcement* of whatever rights plaintiffs possessed in the premises as agreed to and prescribed in the particular contract. Neither briefs filed in the case, nor the opinion of the court, as we construe it, attacked the proposition that a lienholder has a special interest in the property which under the law would entitle him to recover its possession under our Code remedy for that purpose as a substitute for ˙the common-law action of replevin, which is all that the plaintiff attempted to do in this case, and if, perchance, it should thereafter attempt any disregard of the rights of defendant he could then take whatever action that might be necessary to prevent such departures from the adjudicated outlined course to be pursued by the lienholder. The demurrer in this case, so far as the pleadings are concerned, disputed the right of plaintiff as a lienholder to recover possession of the property in lien. Our conclusion is that under specific provisions of our Civil Code of Practice such right is conferred. For that, and other reasons hereinbefore stated, we conclude that the court erred in sustaining the demurrer to the petition and dismissing it.

Wherefore, the judgment is reversed, with directions to overrule the demurrer to the petition, and for proceedings consistent herewith; the whole Court sitting.