**Hoffman KASEY et al., d/b/a Kasey & Swope, Appellants,**

**v.**

**Joseph C. HOFGESANG, Appellee.**

Court of Appeals of Kentucky.

March 11, 1960.

Arnold J. Lemaire, Wallis H. Manske, Louisville, for appellant.

Ewing L. Hardy, Hardy & Hardy, Louisville, for appellee.

MONTGOMERY, Chief Justice.

Joseph C. Hofgesang recovered judgment against Hoffman Kasey and Ella Swope, doing business as Kasey & Swope, for $15,492.96, secured by a lien on a Lorain L 50 K drag line, hereinafter referred to as L 50 K, and two other pieces of equipment. By a counterclaim, appellants sought damages for conversion of the L 50 K. They have satisfied the money judgment, and appeal from the order dismissing their counterclaim. It is appellants' contention that they are entitled to recover damages for appellee's delay in enforcing his chattel mortgage lien. The case is here on a statement. CR 76.

Appellee operated a sand and gravel pit. He contracted with appellants to furnish the equipment to dig and load dirt, sand, and gravel from the pit. Appellee assisted appellants in financing the purchase of the L 50 K. Appellants executed a note for the unpaid balance, secured by a chattel mortgage on the L 50 K and other equipment. The note was transferred to appellee.

The chattel mortgage provided that the mortgaged property should be kept at the gravel pit and should not be removed. It provided also that the lien holder "may take possession of all said property, and have and own it as his own absolutely or sell it to pay said indebtedness." Provision also was made for foreclosure by court action.

On December 9, 1955, the appellants were in default and the L 50 K was left at the pit at appellee's request. Suit on an open account was filed December 10, 1955. It appears that the chattel mortgage had been temporarily misplaced. By amendment filed June 28, 1956, the cause of action on the note and mortgage was asserted. It is not clear when appellants' answer and counterclaim was filed. By it, they asserted claims for total damages of $51,502.38 by reason of depreciation and lost rentals during the course of the litigation. The matter was referred to a commissioner. Exceptions were filed to his report. Judgment was entered on January 27, 1958.

Appellants urge that appellee during the pendency of the litigation retained possession of the property, which was unreasonable and constituted a conversion. They contend that appellee could have proceeded to sell the property in satisfaction of his lien without court action, relying on Hawkins Furniture Co. v. Morris, 143 Ky. 738, 137 S.W. 527; Cartwright v. C. I. T. Corporation, 253 Ky. 690, 70 S.W.2d 388. These cases are distinguishable on the facts.

By a letter dated January 19, 1956, approximately one month after suit was filed, appellee's counsel authorized appellants to remove the L 50 K from appellee's gravel pit. It was expressly stated therein that the removal should not prejudice or in any way affect the rights or claims of the parties in the pending litigation. Receipt of that letter is not denied, nor is any explanation given for the failure to remove the property.

The effect of the letter was to waive the right retained in the mortgage to have the property left on the premises. There was nothing to prevent appellants from moving and using the L 50 K after the receipt of the letter. The amounts claimed by the parties in the litigation were in dispute and were resolved only by the judgment. Had the appellants recovered on their counterclaim an amount equal to or in excess of the amount claimed by appellee, he would have had no occasion to sell the property. Under the circumstances, the Chancellor found that the appellee acted reasonably in awaiting the outcome of the litigation before proceeding to a sale to foreclose. No valid basis for setting aside the Chancellor's finding is found. CR 52.01.

Judgment affirmed.

PALMORE, J., not sitting.