## Powell, et al. v. Wines.

(Decided February 19, 1918.)

### Appeal from Todd Circuit Court.

1.  Easements—Ways—Evidence—Sufficiency.—Where in an action to establish a passway and to enjoin its injury by the diversion of water, plaintiff's evidence showed that his grantor moved his fence back and gave plaintiff a passway over certain land which

had been enclosed with the grantor's other land for twenty-five or thirty years and plaintiff and the public thereafter used the passway under a claim of right for more than fifteen years, this was sufficient to support a finding that an easement existed in favor of plaintiff.

2. Easements—Ways—Obstruction and Injury—Right of Action.—Where plaintiff's farm abuts on the passway and the passway is appurtenant thereto, plaintiff has such a special interest in the passway that he may enjoin its obstruction or injury by defendants.

3. Easements—Pleading—Judgment.—Where in an action to establish a passway and to enjoin injury thereto by the diversion of water, plaintiff pleaded his right to use the passway, a judgment declaring him to be the owner of the passway was not erroneous on the ground that it was not supported by the petition, since the effect of the judgment was merely to give plaintiff an easement over the passway and not to give him title to the land over which the passway ran.

4. Easements—Ways—Failure of Judgment to Define—Error.—Where in an action to establish a passway and to enjoin its injury by the diversion of water, the passway was clearly defined both as to its width and length and there was no dispute as to its limits, it was sufficient that the judgment referred to the passway in controversy and the fact that the passway was not more accurately described or defined by the judgment, can not be regarded as prejudicial error.

5. Appeal and Error—Easements—Ways—Action to Establish Passway and to Enjoin Its Injury—Pleading—Estoppel—Cross Relief.—Where in an action to establish a passway and to enjoin its injury by the diversion of water, defendants merely denied the allegations of the petition without pleading estoppel or asking any cross relief against plaintiff, they can not complain that their claim of estoppel was not sustained or that they were not granted the cross relief against plaintiff.

6. Appeal and Error—Cross Appeal—Right of Review—On appeal by the defendants from a judgment enjoining them from injuring a passway but denying plaintiff damages therefor, the question of plaintiff's right to damages can not be considered in the absence of the cross-appeal.

JAS. R. MALLORY for appellants.

PETRIE & STANDARD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, J. W. Wines, brought this suit against C. C. Powell and Johnnie Powell, his wife, to compel them to remove from a passway leading from his residence to

the Elkton and Kirkmansville public road, a dam and ditch constructed by the defendants, and which it is alleged diverted the natural flow of the water and caused it to run over the passway and injure it. He also asked damages for injury to the passway. With the exception of damages, he was granted the relief prayed for, and the defendants appeal.

It appears that plaintiff bought his farm from J. F. Kirkman about twenty years before this suit was brought. At that time there was a passway leading from this farm to a point about 75 yards south of the Elkton and Kirkmansville public road and thence along a drain or branch crossing the lands now owned by the defendants. The passway along this drain was used by plaintiff for about two years and was then obstructed and rendered unfit for travel by Netta Frances, who then owned the land. Whereupon J. F. Kirkman, whose fence enclosed the land lying between the turnoff and the public road, conceiving that it was his duty to furnish plaintiff a passway to the public road, moved his fence and gave him such passway. From that time on and for a period of more than fifteen years before the suit was brought, plaintiff and his family and others used the passway as a matter of right and plaintiff would occasionally repair the passway. Since that time the natural flow of the water has been across the drain or branch leading through the lands of defendants. Some time before the suit was brought, defendants placed an embankment in the passway at the point where the drain crosses it and also built on the edge of the passway a ditch which served to gather the water and throw it on the passway and injure it. There was also proof by the defendants that the corner between the Powell lands and the Kirkman lands was on the west side of the passway and that the lands embraced by the passway belonged to the defendants. They also introduced proof to the effect that plaintiff had constructed a ditch along the right hand side of the passway leading from his farm which served to gather the water at the point, where the drain crosses, in larger quantities than its natural flow. They also testified that plaintiff himself had placed rocks in the passway which served to divert the natural flow of the water.

It is unnecessary to determine where the dividing line between the Kirkman lands and the lands now owned by the defendants originally ran. It is clear from

the evidence that that portion of the passway furnished by Kirkman shortly after 'plaintiff's purchase of the farm, had been enclosed with the Kirkman lands for twenty-five or thirty years. Not only did Kirkman give plaintiff that portion of the passway and move his fence back for that purpose, but the evidence clearly shows that at the time of the institution of the suit, plaintiff and the public generally had been using the entire passway, including that portion given by Kirkman, under a claim of right for more than fifteen years. This was sufficient to support a finding that an easement existed in favor of plaintiff. Ray v. Brown, 155 Ky. 757, 160 S. W. 488; Talbott v. Thorn, 91 Ky. 417, 16 S. W. 88. And since plaintiff's farm abuts on the passway and the passway is appurtenant thereto, plaintiff has such a special interest in the passway that he may enjoin its obstruction or injury by defendants. Salmon, et al. v. Martin, et al., 156 Ky. 309, 160 S. W. 1058.

But it is contended by defendants that the chancellor erred in adjudging that plaintiff was the owner of the passway when his petition claimed only a right to use it in common with other people. The judgment is further attacked on the ground that, being a judgment awarding title to land, the land should have been described with such accuracy as would definitely determine and fix the rights of the parties. While it is true that plaintiff was adjudged to be the owner of the passway, the effect of the judgment was not to award him title to the land over which the passway ran, but merely to give him an easement over the passway itself. Since plaintiff pleaded that he had acquired the right to travel the passway by adverse use, and since the effect of the judgment was merely to uphold this right, there is no merit in the claim that the judgment was erroneous because it declared him to be the owner of the passway. Furthermore there was no dispute as to the limits of the passway. It is clearly defined both as to its width and length. Under these circumstances it was sufficient that the judgment referred to the passway in controversy, and the fact that the passway was not more accurately described or defined by the judgment, can not be regarded as prejudicial error.

The point is also made that as plaintiff himself constructed a ditch and embankment which caused the surface water from his and the adjoining lands to flow with increased volume into the drain, the chancellor either

should have held that he was estopped to claim that defendants obstructed the flow of the surface water, or should have required him to remove the ditch and embankment before awarding him any relief against defendants. We find, however, that defendants contented themselves with merely denying the allegations of the petition and did not plead estoppel or ask any cross-relief against plaintiff. Under these circumstances they can not complain that their claim of estoppel was not sustained or that they were not granted any cross-relief against plaintiff.

We can not consider the question of plaintiff's right to damages for the reason that no cross-appeal has been granted by this court.

Judgment affirmed.