**INTER-COUNTY RURAL ELECTRIC COOP-ERATIVE CORPORATION and East Kentucky Rural Electric Cooperative Corporation, Appellants,**

**v.**

**PUBLIC SERVICE COMMISSION of Kentucky and Kentucky Utilities Company, Appellees.**

Court of Appeals of Kentucky.

Oct. 14, 1966.

Edgar C. Newlin, Danville, for Inter-County Rural Electric Cooperative Corp.

Philip P. Ardery, Brown, Ardery, Todd & Dudley, Louisville, for East Ky. Rural Electric Cooperative Corp.

Robert Matthews, Atty. Gen., Frankfort, for appellees.

J. Gardner Ashcraft, Asst. Atty. Gen., Frankfort, for Public Service Commission.

Malcolm Y. Marshall, Ogden, Robertson & Marshall, Louisville, for Kentucky Utilities Co.

DAVIS, Commissioner.

The questions presented upon this appeal relate to a claimed right of appellant East Kentucky Rural Electric Cooperative Corporation (hereinafter East Kentucky) to intervene in a proceeding before the Public Service Commission (hereinafter Commission). The precise nature of the issues raised on appeal will be better understood after a statement of the factual background.

Appellant Inter-County Rural Electric Cooperative Corporation (hereinafter Inter-County) is a rural electric distributing organization which sells and distributes electrical energy to consumers in certain areas of Marion and several other Kentucky counties. The appellee Kentucky Utilities Company (hereinafter KU) is a utility company which generates, transmits, sells and distributes electrical energy in numerous counties in Kentucky, including the counties served by Inter-County.

In the spring of 1965 a controversy arose between Inter-County and KU as to which of the companies was entitled to furnish energy to a manufacturing plant then being constructed near Lebanon. When the companies were unable to resolve this dispute, Inter-County filed its complaint before the Commission against KU. The complaint was filed May 1, 1965, and asserted the prior right of Inter-County to furnish the energy to the plant and averred that KU was improperly insisting upon its right to serve the customer. The basic relief sought by Inter-County was an order from the Commission authorizing Inter-County to furnish the service and denying KU the right to do so.

KU duly filed answer to the complaint by which it joined issue and contended that it was properly serving the plant in question. The Commission set the matter for hearing on July 1, 1965.

Appellant East Kentucky had its counsel at the hearing on July 1st, and filed petition for permission to intervene. East Kentucky's petition to intervene pointed out that East Kentucky is the wholesale power supplier of its member cooperative, Inter-County, and that the cost of power to Inter-County and to East Kentucky's seventeen other member cooperatives is substantially affected by the relationship of East Kentucky and Inter-County. East Kentucky's petition to intervene alleged that " * * * the maintenance of integrity of Inter-County's service area as well as the maintenance of the integrity of the service areas of all other member cooperatives of [East Kentucky] * * *" is a matter of vital importance in the cost of power and its rates and service to Inter-County and other member cooperatives. The petition to intervene contained this further language: "4. Because the decision of this Commission with respect to the service of the load mentioned in the pleadings herein filed will affect East Kentucky, it is appropriate as a party in interest and party intervenor herein."

The Commission denied East Kentucky's petition to intervene, and in doing so the Commission chairman stated from the

bench to counsel for East Kentucky at the hearing of July 1st:

"All right, gentlemen. The motion to intervene is overruled. The petition to intervene is dismissed and for reason, I might state, so you will understand the thinking of the commission, is that your connection with this case is just too remote to the supplier. Now, we have no objection if Mr. Newlin [counsel for Inter-County] wanted you to be [of] assistance to him, and he wants you to be of assistance, why, of course, you are entitled to stay in the Court Room."

No formal order was entered on July 1, 1965, denying the petition to intervene. In fact, the only order of the commission relating to that ruling appears in the Commission's final order dismissing the complaint of Inter-County, entered August 25, 1965. In the latter order appears a recitation of the fact that the Commission had overruled East Kentucky's petition to intervene on July 1, 1965.

When the Commission announced its ruling denying East Kentucky the right to intervene, counsel for Inter-County represented to the Commission that he was not in position to proceed with the hearing and requested a continuance. The matter was continued to September 2, 1965. Before that time, however, Inter-County advised the Commission that it could not proceed without the assistance of East Kentucky. Acting upon that advice, the Commission dismissed the complaint of Inter-County by order entered August 25, 1965.

On September 3, 1965, Inter-County and East Kentucky filed complaint in the Franklin Circuit Court, attacking the August 25th order of the Commission dismissing the complaint of Inter-County. The Commission was the only named defendant. KU moved for permission to intervene, and its motion was sustained. Subsequently judgment was entered by the Franklin Circuit Court dismissing the complaint of East Kentucky and Inter-County

and adjudicating that the Commission's order of August 25th, 1965, was valid. The appellants would upset that judgment on the grounds (1) that the Commission was required to permit East Kentucky to intervene, and (2) that KU was not entitled to intervene in the Franklin Circuit Court action.

■ KU insists that the question of whether East Kentucky should have been permitted to intervene before the Commission is not before this court. It is contended that since the Commission ruled on July 1, 1965, that East Kentucky could not intervene, it was incumbent on East Kentucky to attack that ruling by appropriate action in the Franklin Circuit Court within twenty days after being served with the order. KRS 278.410. KU insists that the action filed September 3, 1965, came too late to reach the Commission's ruling of July 1st. This contention overlooks the fact that no order of the Commission was entered until August 25, 1965. The Commission speaks through its records, and announcement of a ruling orally cannot furnish basis for an appeal. See KRS 278.-360 and Union Light, Heat & Power Co. v. Public Service Commission, Ky., 271 S.W.2d 361; compare Bee's Old Reliable Shows, Inc., v. Kentucky Power Co., Ky., 334 S.W.2d 765.

■ Since the court proceeding did make timely attack upon the Commission's refusal to permit East Kentucky's intervention, this appeal properly presents the question here. The scope of judicial review of any order of the Commission is fixed by KRS 278.410, which prescribes in part that a judicial attack may be made on a Commission order " * * * on the ground that it is unlawful or unreasonable."

Learned counsel for the parties litigant state that they have been unable to find any decision in this jurisdiction specifically touching the question at bar. The applica-

ble regulation as published by the Commission recites:

> "In any formal proceeding, any corporation, association, body politic or person authorized by law to become a party to a proceeding before the Commission, may by timely motion request that he or it be granted leave to intervene. The motion shall set forth the grounds for the request, including the status and interest of the movant. If the Commission, after opportunity has been given to the party or parties to such proceeding to be heard on such intervention, be of the opinion that the movant is entitled to be made a party, it shall so order. Leave thus granted will entitle the intervenor to have notice of and to appear at the taking of testimony, to produce and cross-examine witnesses and to be heard in person or by counsel in the proceeding."

It will be seen that the regulation reposes in the Commission the responsibility for the exercise of a sound discretion in the matter of affording permission to intervene. Intervention as a matter of right is not specifically defined in the regulation.

■ Appellants suggest that the spirit of CR 24.01 should be applied, whether the civil rules may be thought to pertain to administrative bodies or not. CR 24.01 sets out the bases upon which intervention shall be permitted as a matter of right in court actions. A short answer to the contention is that even if CR 24.01 applied to proceedings before the Commission (which it does not) there is still no showing of intervention as a matter of right. It is obvious that no statute gives East Kentucky a right to intervene; there was no claim made that the representation of East Kentucky's interest by Inter-County would or might be inadequate; by no stretch of reasoning could it be thought that any ruling of the Commission could be equated with " * * a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof." CR 24.01.

Neither is there merit in the contention that the Commission abused its discretion by denying permissive intervention. Cf. CR 24.02, which relates to permissive intervention in civil actions (not proceedings before administrative bodies). It will be recalled that the Commission had offered to permit East Kentucky's counsel to "assist" counsel for Inter-County. The hearing looking toward disposition of the controversy on the merits would have related to the dispute between Inter-County and KU. Any evidence and technical assistance which East Kentucky considered vital could easily have been made available to Inter-County and presented to the Commission. We agree that the interest of East Kentucky was "just too remote," as stated by the Commission. Cf. Scott v. Williamson, *237 Ky. 746, 36 S.W.2d 360; 39 Am. Jur., Parties, Sec. 61.*

We have considered the authorities presented in brief for appellants, but do not find them persuasive or controlling. It would unduly lengthen this already long opinion to undertake a detailed analysis of them.

■■ We think it is plain that no error was committed in permitting KU to intervene in the Franklin Circuit Court action. Of course KU would be bound by the court's judgment, since the court was adjudicating a Commission order in a proceeding in which KU was the only named defending party. The "inadequacy" of representation envisioned by CR 24.01 includes the type of situation we have at bar. It is true that the Commission was properly named as defendant in the court proceeding. KRS 278.410(1). The volume of appeals to the court, along with the technical nature of the matters involved, would make it impracticable for the Commission to "adequately" afford representation in such appeals. In any event, there is a complete absence of suggestion that KU's in-

tervention below resulted in any prejudice to the rights of either of the appellants. This matter was adjudicated below upon the record made before the Commission; there is no reason to suppose that the trial judge would have reached an opposite result absent KU. Thus there is no showing of prejudice. CR 61.01.

The judgment is affirmed.